NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMASON WOODSON, | : | |
| Plaintiff, | : | Civil Action No. 14-6129 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Thomason Woodson ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 23, 2009. A hearing was held before ALJ Marissa Ann Pizzuto (the "ALJ") on January 30, 2013, and the ALJ issued an unfavorable decision on March 1, 2013, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 1, 2013, the ALJ found that, at step three, Plaintiff did not meet

or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of sedentary work. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work as a bridge operator. At step five, the ALJ consulted the "Grids" and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the Commissioner's step three finding is beyond judicial review; 2) the residual functional capacity determination at step four is unexplained and not supported by substantial evidence; 3) the ALJ failed to evaluate Plaintiff's subjective complaints; and 4) the Commissioner did not sustain his burden at step five.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination." Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

In the instant case, Plaintiff has not even attempted to show how the ALJ's alleged errors were harmful to him.  Rather, while Plaintiff has attempted to persuade that the ALJ did not follow the law, he has not gone any further.

Plaintiff first argues that the ALJ's step three determination is beyond judicial review. The gist of Plaintiff's discussion of the decision at step three is that the ALJ did not discuss whether Plaintiff's impairments, in combination, were medically equivalent to a Listed impairment.  In particular, Plaintiff objects to the absence of any mention of Plaintiff's obesity. It is certainly true that, throughout the five step process, the ALJ is obligated to consider all of the alleged impairments individually and in combination. 42 U.S.C. § 423(d)(2)(B). The Third Circuit, however, "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Moreover, under Shinseki, even if Plaintiff succeeded in persuading that the ALJ erred in failing to adequately consider all impairments in combination, Plaintiff also bears the burden of showing that this error was harmful, and Plaintiff has not done so.  To show that such an error was harmful, Plaintiff would need to, at a minimum, point to evidence of record that might have

3

sustained his burden of proof of disability.  At a minimum, again, he would need to explain which impairments, combined, should have been found to be medically equivalent to what Listing.

The Third Circuit has held: "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover."  Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  Conspicuously absent from Plaintiff's brief is any statement of what Listing Plaintiff contends he meets or equals.  Plaintiff fails to explain how the step three analysis might have been performed differently so as to make a material difference in the disability determination.  This Court is not persuaded that the step three analysis was inadequate but, even if it was defective, given that Plaintiff has made no case on appeal that he met his burden of proof at step three, such defects could not be more than harmless error.  Plaintiff has not even pointed to the Listing that he claims to have met or equaled, much less pointed to evidence of record that might have supported such a determination.  As such, Plaintiff has failed to persuade that any possible errors at step three materially harmed him.  As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Plaintiff next argues that the residual functional capacity determination is unexplained and not supported by substantial evidence.  Plaintiff argues that the ALJ cites no evidence in support of his conclusion that Plaintiff can perform the full range of sedentary work.  This is a mischaracterization of the ALJ's decision.  It is correct to say that the ALJ did not point to a report of any medical professional containing an express statement that Plaintiff can perform the full range of sedentary work.  This does not mean, however, that the ALJ failed to cite evidence

in support of his conclusion that Plaintiff can perform the full range of sedentary work. The ALJ stated that he placed great weight on Dr. Patel's consultative medical examination report dated September 20, 2011. (Tr. 17.) This report states: "He can do both fine and gross movements in both hands and the grip was normal. Gait, he was walking without any walking device and there was no [sic] any gross sensory or motor deficit." (Tr. 263.) Dr. Patel also completed a "passive range of motion" form which showed no limitations in any ability to move. (Tr. 264-265.) It is thus true that Dr. Patel did not state that Plaintiff could perform the full range of sedentary work. Dr. Patel did not, however, state any findings of any impairment to any work-related ability. To the contrary, Dr. Patel's examination report is substantial evidence that Plaintiff has no impairment to his ability to work.

The ALJ also observed that Plaintiff had not had consistent treatment for any of his alleged impairments. Plaintiff does not dispute the accuracy of this statement. Nor does Plaintiff point to any medical evidence supporting his claim of disability. Plaintiff has not pointed to any medical evidence which contradicts the ALJ's residual functional capacity determination.

As already discussed, Plaintiff bears the burden of proof of disability at step four. Plaintiff has pointed to no evidence of record from which this Court could conclude that he met his burden of proof of disability. In the context of this record, the consultative medical examination report by Dr. Patel, and the absence of any other medical evidence of disability or even ongoing treatment for a medical problem, constitute substantial evidence which support the ALJ's residual functional capacity determination.

The ALJ also notes that, at the hearing, Plaintiff's counsel asked him whether he could sit at a table and pack light items, and Plaintiff replied that he could not do so because "repetitive

movement causes shortness of breath and chest pain." (Tr. 16.) Dr. Patel noted Plaintiff's complaints of chest pain, but nonetheless reported no exertional limitations. Again, Plaintiff has not cited any medical records of treatment for his complaints of shortness of breath or chest pain.

As to Plaintiff's argument that the ALJ failed to evaluate Plaintiff's subjective complaints, this overlooks the ALJ's statement that he considered Plaintiff's statements but did not find them entirely credible. (Tr. 16.) Given the paucity of medical evidence which supports Plaintiff's subjective complaints, the ALJ's conclusion appears reasonable.

Lastly, Plaintiff contends that the ALJ erred at step five by failing to consult a vocational expert. It is well-established that, at step five, in the absence of nonexertional limitations, the ALJ may rely on the Grids to provide a factual basis for the conclusion that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. Sykes v. Apfel, 228 F.3d 259, 261 (3d Cir. 2000). For Plaintiff to prevail in arguing that the ALJ was required to consult a vocational expert because of Plaintiff's nonexertional limitations, he must first establish the predicate, that Plaintiff has nonexertional limitations which were omitted from the residual functional capacity determination at step four. Plaintiff has not established this. The medical evidence on which the ALJ relied does not report any nonexertional limitations, nor has Plaintiff pointed to medical evidence documenting nonexertional limitations. Plaintiff has not persuaded this Court that the residual functional capacity determination at step four was incorrect. In the absence of credibly established nonexertional limitations, the ALJ did not err by relying on the Grids at step five.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision and that he

was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

        s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: December 2, 2015